USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE PATINO, on behalf of himself and all others
similarly situated,

                                    Plaintiffs,

                -against-

BRADY PARKING, INC., et al.,

                                  Defendants.
------------------------------------------------------------------X

11cv03080 (AT) (DF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE ANALISA TORRES, U.S.D.J.:**

      In this action for unpaid wages, plaintiff Jose Patino ("Plaintiff") has moved for the imposition of discovery sanctions against defendants Brady Parking, Inc., 800 Brady Parking, Inc., Jose Dominguez, and Jacobo Dominguez (collectively, "Defendants"). (*See* Notice of Plaintiff Jose Patino's Motion for Sanctions, dated July 18, 2014 (Dkt. 84).) Plaintiff's motion was referred to me to issue a report and recommendation as to its disposition. (*See* Order of Reference, dated July 21, 2014 (Dkt. 86).)

      In his motion, Plaintiff seeks sanctions against Defendants for their failure to produce documents evidencing their gross annual volume of business (*see generally* Plaintiff Jose Patino's Memorandum of Law in Support of Motion for Sanctions, dated July 18, 2014 ("Pl. Mem.") (Dkt. 85)), which would be required to establish "enterprise coverage" under the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. § 203(s)(1)(A) (defining "enterprise engaged in commerce" as an enterprise whose annual gross volume of sales or business is not less than $500,000, and who also has employees engaged in commerce, the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce). Plaintiff argues that sanctions are warranted against

Defendants for their failure to produce the relevant documents in contravention of this Court's oral ruling during a telephonic case management conference. (Pl. Mem., at 2.) Defendants filed no opposition to Plaintiff's motion.

On December 17, 2014, this Court, upon review of Plaintiff's motion and his supplemental submission,[1] issued an Order clarifying two of its prior oral rulings and affording Defendants a final opportunity to comply. (*See generally* Order dated Dec. 17, 2014 (Dkt. 90).) In its December 17 Order, this Court specifically cautioned Defendants that their failure to comply could result in a recommendation that sanctions be awarded against Defendants, including a recommendation that the Court (1) make a finding of fact that Defendants' gross sales or business volume was at least $500,000 for each year relevant to Plaintiff's FLSA claims, (2) strike Defendants' defense regarding FLSA coverage, (3) preclude Defendants from introducing evidence in support of that defense, and/or (4) award any other sanction permitted by Rule 37 of the Federal Rules of Civil Procedure. (*Id.* at 10-11.) Notwithstanding this clarification and explicit warning, Defendants have still failed to provide the demanded documents, in contravention of both this Court's earlier oral rulings and its subsequent written Order. (*See* Letter to the Court from Michael Palitz, Esq., dated Jan. 8, 2014 (Dkt. 91).)

Given Defendants' continued failure to comply with this Court's orders to produce documents evidencing their gross sales or business volume, the apparent willfulness of their non-compliance, and the resulting prejudice to Plaintiff, I recommend, for the reasons set forth in my December 17 Order (a copy of which is attached hereto), that the Court make a finding of fact that the gross sales or business volume of defendant Brady Parking, Inc., defendant 800 Brady

---

[1] On December 5, 2014, this Court had issued an Order instructing Plaintiff to provide a supplemental submission giving further information as to the nature of the purported deficiencies in Defendants' document production. (Dkt. 87.) Plaintiff filed his supplemental submission on the same day. (Dkt. 88.)

Parking, Inc., and any predecessor or successor in interest to either of these corporations, was at least $500,000, as required for FLSA enterprise coverage, from May 5, 2008 until Plaintiff was no longer employed by Defendants, which Plaintiff alleges was on or about November 28, 2010. (*See* Third Amended Complaint, dated Nov. 7, 2013 (Dkt. 57), ¶ 40.)

I further recommend that Defendants be directed to reimburse Plaintiff for the reasonable attorneys' fees and costs that he incurred in making his motion for sanctions (Dkts. 84, 85), as Defendants have not made, nor even attempted to make, any showing that their failure to comply was substantially justified. *See* Fed. R. Civ. P. 37(b)(2)(C). This Court does *not* recommend, however, that Plaintiff be reimbursed for fees or costs incurred in making his supplemental submissions in connection with this motion (Dkts. 88, 89, 91), as these submissions were required as a result of inaccuracies in Plaintiff's own representations to the Court (*see* Order dated Dec. 17, 2014 (Dkt. 90), at 4-5, 8-9), and an award of fees and costs in connection with these submissions would therefore be unjust, *see* Fed. R. Civ. P. 37(b)(2)(C).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres, United States Courthouse, 500 Pearl Street, Room 2210, New York, NY 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, NY 10007. Any requests for an extension of time for filing objections should be directed to Judge Torres. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v.*

3

*Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
January 22, 2015

Respectfully submitted,

*[signature]*

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

The Honorable Analisa Torres, U.S.D.J.

All counsel (via ECF)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE PATINO, on behalf of himself and others
similarly situated,

                                Plaintiffs,

-against-

BRADY PARKING, INC., et al.,
                                Defendants.
------------------------------------------------------------X

11cv03080 (AT) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

    Currently before this Court, in this action for unpaid wages, is the motion of plaintiff Jose Patino ("Plaintiff") for the imposition of discovery sanctions against defendants Brady Parking, Inc., 800 Brady Parking, Inc., Jose Dominguez, and Jacobo Dominguez (collectively, "Defendants"). (Dkt. 84.) In particular, Plaintiff seeks sanctions for Defendants' failure to produce material evidence, in contravention of an oral ruling made by this Court. Although it does indeed appear that Defendants failed to comply with this Court's ruling, this Court will not yet recommend the imposition of sanctions, as this Court is not confident that the ruling in question was sufficiently clear. Further, this Court has concerns that Defendants were not adequately warned of the severity of the consequences that they could face for violation of the Court's ruling. Especially as Plaintiff is now seeking a sanction that, if granted, would establish a relevant fact as proven, or strike a defense, or preclude the introduction of evidence in support of a defense, this Court will defer making a sanctions recommendation so as, first, to clarify its ruling, and, second, to see if a more explicit direction and word of caution from the Court will prod Defendants into producing the evidence to which Plaintiff is entitled.

## BACKGROUND

The evidence that is the subject of Plaintiff's sanctions motion is evidence that would go toward establishing whether Plaintiff was protected by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, while employed by Defendants. In the Third Amended Complaint, Plaintiff has alleged that, from about September 15, 2003 until about November 28, 2010, Defendants employed him as a parking attendant and that, throughout this period, he was not paid as required by the FLSA. (*See* Third Amended Complaint, dated Nov. 7, 2013 ("Am. Compl.") (Dkt. 57), ¶¶ 40-47.) Specifically, Plaintiff has alleged that Defendants employed him through a string of related corporate entities, including defendant Brady Parking, Inc., each of which was owned and operated by defendant Jacobo Dominguez. (*See id.* ¶¶ 8, 10, 11, 23.) Plaintiff has additionally alleged that each corporation in this string was the successor in interest to its predecessor, and that defendant 800 Brady Parking, Inc. – which was created after Plaintiff was no longer employed by Defendants and of which defendant Jose Dominguez is allegedly the CEO – is the successor in interest to the entire string.[1] (*See id.* ¶¶ 11, 12, 15-21, 24, 40.)

With respect to FLSA coverage, Plaintiff has alleged that (1) Defendants' gross annual volume of business is greater than $500,000, and (2) all of Defendants' employees are engaged in interstate commerce (*id.* ¶ 22) – allegations Defendants deny (*see* Amended Answer to Third Amended Complaint, dated Nov. 21, 2013 (Dkt. 62), ¶ 9). If proven with respect to any of the corporations that purportedly employed Plaintiff, these allegations would render that corporation an "enterprise engaged in commerce" within the meaning of the FLSA, *see* 29 U.S.C. § 203(s)(1)(A), thereby placing Plaintiff within the protection of the FLSA's wage and hour

---

[1] Plaintiff refers to this string of corporations, including defendants Brady Parking, Inc. and 800 Brady Parking, Inc., collectively as "Defendant Brady." (*See* Am. Compl. ¶¶ 8-21.) Only two of these corporations, however, are actually named as defendants in this action.

2

provisions while in that corporation's employ, *see id.* §§ 206(a), 207(a).[2] In addition, if the allegations were proven, FLSA liability might also run to defendants Jacobo Dominguez and Jose Dominguez as "employers" under the statute, depending on additional facts regarding those individuals' roles with respect to Plaintiff's employment. *See id.* § 203(d) (defining "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee"); *see also Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013) ("[T]o be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 140 (2d Cir. 1999))).

On June 12, 2014, this Court held a telephonic case management conference in this action, in which Plaintiff's counsel informed the Court that Plaintiff had requested that Defendants produce corporate bank records reflecting deposits made from receipts of their business, as relevant to the question of whether Defendants' gross annual income from sales met the $500,000 threshold for FLSA coverage. Defendants' counsel stated on the record of that call that Defendants had no objection to production of the bank records in question, and this Court directed Defendants to produce the records prior to the upcoming June 30 close of discovery, so as to avoid a potential adverse inference arising from their failure to produce the documents.[3]

---

[2] The FLSA's minimum wage and overtime provisions also apply to employees who are "engaged in commerce or in the production of goods for commerce," regardless of their employer's annual sales volume. *See* 29 U.S.C. §§ 206(a), 207(a).

[3] Although adverse-inference jury instructions typically arise in the context of spoliation of evidence, a court may, in its discretion, give an adverse-inference instruction for failure to comply with a discovery obligation upon the moving party's showing that the non-compliant party had a "culpable state of mind" (which may, in some cases, include the negligent destruction of evidence), and that the missing evidence is relevant to a claim or defense of the moving party. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107-08 (2d Cir. 2002).

3

On July 2, 2014, shortly after the discovery cut-off, this Court held another telephone conference with counsel, at which Plaintiff informed the Court that Defendants had still not produced the requested records, which Plaintiff's counsel described as records that would identify the amount of Defendants' annual sales receipts. Further, perhaps picking up on the comment that had been made by the Court at the previous conference, Plaintiff's counsel stated that, if the records continued to be withheld, Plaintiff would move for an adverse inference. After Defendants' counsel confirmed that Defendants were maintaining their challenge to FLSA coverage, the Court ruled orally, on the record, that Defendants should either stipulate to FLSA coverage or produce the requested records by July 9, 2014. The Court also cautioned Defendants that, if the records were not produced in compliance with the Court's ruling, then Defendants might face serious consequences, including any of the variety of sanctions that would be permitted under Rule 37 of the Federal Rules of Civil Procedure.

On July 18, 2014, having apparently still not received the requested records (or obtained a stipulation from Defendants as to FLSA coverage), Plaintiff filed a motion for sanctions. (*See* Notice of Plaintiff Jose Patino's Motion for Sanctions, dated July 18, 2014 (Dkt. 84); Plaintiff Jose Patino's Memorandum of Law in Support of Motion for Sanctions, dated July 18, 2014 ("Pl. Mem.") (Dkt. 85).) In his motion, Plaintiff asserted that, during the July 2 conference, this Court had ordered Defendants to produce "documents concerning their annual gross sales and business, including sales receipts, tax returns, and bank account statements" (Pl. Mem., at 2), but that Defendants had neither produced such records, nor "advised of *any* steps that they [had] taken at all to comply with the Order" (*id.* (emphasis in original)). As a sanction, Plaintiff requested that the Court (1) strike that portion of Defendants' pleading that denied FLSA coverage, (2) order that Plaintiff has established that Defendants are covered employers under the FLSA's enterprise

4

coverage provisions, (3) prohibit Defendants from supporting their defenses as to FLSA coverage, and (4) award Plaintiff his reasonable attorney's fees and costs in bringing the sanctions motion. (*Id.*, at 2-4.)

After reviewing Plaintiff's motion, this Court realized that it did not have a copy of Plaintiff's actual document requests or Defendants' written responses. By Order dated December 5, 2014, this Court directed Plaintiff to file a supplement to his sanctions motion, identifying the particular document requests at issue, describing the documents received from Defendants in response to those requests, and explaining what documents were not produced and why they were needed. (*See* Dkt. 87.) In response to this Order, Plaintiff filed a supplemental submission which revealed that Plaintiff, in his document demand, had requested production of (1) "all financial statements of Defendants, including income statements, balance sheets, and cash flow statements" from May 2005 to the present, and (2) "Defendants' corporate tax returns filed by Defendants" for the same period. (*See* Plaintiff Jose Patino's Supplemental Brief in Support of Motion for Sanctions, dated Dec. 5, 2014 ("Pl. Supp.") (Dkt. 88), at 2 (quoting Document Demands Nos. 37 and 39[4]).) Plaintiff also clarified that, in response to these requests, Defendants had at least produced certain corporate tax returns. (*See id.*, at 2-3.)

Defendants have not filed any opposition to Plaintiff's sanctions motion, nor any response to Plaintiff's supplemental submission, despite being afforded an opportunity to do so. (*See* Dkt. 87.) In fact, this Court has received no communication of any kind from Defendants, since Plaintiff's sanction motion was filed.

---

[4] These demands were included in Plaintiff's First Combined Discovery Requests, dated Dec. 17, 2013, a copy of which Plaintiff's counsel faxed to my Chambers, and which this Court has now placed on the Docket, at Dkt. 89.

5

## DISCUSSION

### I. RULE 37

Rule 37 of the Federal Rules of Civil Procedure provides that, if a party fails to obey a discovery order, the Court "may issue further just orders," such as considering that certain facts be taken as established, precluding the party from supporting its claims or introducing certain matters in evidence, striking the party's pleadings or portions of its pleadings, staying the action pending the party's compliance, dismissing the party's claims in whole or in part, rendering a default judgment against the party, or holding the party in contempt. Fed. R. Civ. P. 37(b)(2)(A). In addition, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* at 37(b)(2)(C).

Sanctions under Rule 37 are intended (1) to ensure that a party will not benefit from its failure to comply with a court order, (2) to obtain the party's compliance, and (3) to serve as a deterrent against such conduct in the future. *See Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)). "It is well settled that the court has broad discretion to determine the type of sanction to impose upon a party, based on all the facts of the case." *AAIpharma Inc. v. Kremers Urban Dev. Co.*, No. 02cv9628 (BSJ) (RLE), 2006 WL 3096026, at *5 (S.D.N.Y. Oct. 31, 2006) (citation omitted). A court's discretion in selecting an appropriate sanction should be guided by a number of factors, including:

> (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of

6

>noncompliance; and (5) whether the non-compliant party had been
>warned of the consequences of his noncompliance.

*King Harvest Dev., Ltd. v. Li*, No. 08cv8494 (DAB) (DF), 2010 WL 5174326, at *3 (S.D.N.Y. Dec. 10, 2010) (citations omitted).

"Rule 37's drastic sanctions, such as striking answers, dismissing actions, and entering default judgments are generally appropriate only where . . . the party's failure [to comply with a discovery order is] willful, in bad faith, or through fault," which is most often demonstrated "by a party's persistent refusal to comply." *Monaghan v. SZS 33 Assocs., L.P.*, 148 F.R.D. 500, 508 (S.D.N.Y. 1993) (citations omitted). Preclusion of evidence is also a "harsh remedy," which "should be imposed only in rare situations." *Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y. 2005) (citation omitted); *see Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988) ("Before [granting] the extreme sanction of preclusion," a court "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses.").

In contrast, "[c]ourts in this circuit have often awarded attorneys' fees to sanction a party who disregards her discovery obligations." *Tse v. UBS Fin. Serv., Inc.*, 568 F. Supp. 2d 274, 321 (S.D.N.Y. 2008) (collecting cases). The Second Circuit has characterized the award of attorney's fees as the "mildest" form of sanctions available, within the "spectrum of sanctions" authorized by Rule 37. *Cine Forty-Second Street Theatre Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).

## II. APPROPRIATENESS OF RULE 37 RELIEF AT THIS TIME

Plaintiff argues that (1) Defendants have "no excuse for their disregard of this Court's Order" (apparently arguing, thereby, that Defendants' non-compliance is willful), (2) Plaintiff is prejudiced by Defendants' noncompliance "because he is unable to rebut the Defendants' claim

7

that they are not an enterprise under the FLSA without these documents," and (3) "there are no lesser sanctions" than those requested "that would remedy this situation." (Pl. Mem., at 4.)

It is certainly true that, in order to prevail in this action, Plaintiff will need to establish that Defendants are subject to the FLSA's wage and hour provisions, *see Boekemeier v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000) (plaintiff bears the burden of proving that he is protected by the FLSA), and thus the documents at issue are highly relevant to Plaintiff's claims. Further, as the proof of Defendants' sales or business volume are likely in their exclusive possession, custody, and control, Plaintiff would be significantly prejudiced if the case were to proceed to trial without Defendants' disclosure of the relevant records. The Court also notes that Defendants have not only failed to make any further document production, but have even failed to file an opposition to Plaintiff's motion, at least suggesting a willful violation of this Court's prior rulings.

Nonetheless, sanctions at this time are not warranted, for the following reasons. First, during the conferences before the Court, Plaintiff's counsel's characterized Plaintiff's document requests in a way that was not consistent with the actual content of those requests, creating some uncertainty as to the scope of this Court's intended oral rulings. As noted above, Plaintiff's written document demands sought production of "financial statements" and "tax returns," and yet Plaintiff's counsel represented to the Court that Plaintiff had requested (and that Defendants had failed to produce) bank records. Even now, in his supplemental submission, Plaintiff describes his demands as seeking, "[f]or example, . . . documents such as sales receipts, invoices, bank account and cash flow statements, and transaction logs" (Pl. Supp., at 2), when the written demands, on their face, did not request most of these documents. In the same vein, Plaintiff misrepresents the Court's July 2 ruling, by stating that, at the conference, this Court directed

8

Defendants to produce "documents concerning their annual gross sales and business, including sales receipts, tax returns, and bank account statements." (Pl. Mem., at 2.) In fact, the record reflects that the Court directed Defendants to produce the records, relevant to the issue of FLSA coverage, that were still outstanding; the Court never intended to order Defendants to produce *more* than the documents that were duly demanded in discovery.

Second, at the June 12 conference, the Court noted that Plaintiff might be entitled to an adverse inference regarding documents that were not produced, and, at the July 2 conference, Plaintiff's counsel specifically indicated that Plaintiff planned to move for that remedy. While the Court stated that any of a number of other sanctions might be available under Rule 37, and further stated that, if Defendants wished to assert an FLSA coverage defense, then they needed to produce documents related to that defense, the Court never expressly warned Defendants that failure to comply with the Court's ruling could result a sanction as severe as directing that facts supporting FLSA coverage be taken as established, *see* Fed. R. Civ. P. 37(b)(2)(A)(i), prohibiting Defendants from supporting their coverage defense, *see* Fed. R. Civ. P. 37(b)(2)(A)(ii), or striking that defense from their Answer, *see* Fed. R. Civ. P. 37(b)(2)(A)(iii). In other words, this Court never expressly cautioned Defendants that they could actually *forfeit a defense* if the documents duly demanded and relevant to that defense were not produced in accordance with the Court's directive.

Finally, although discovery is otherwise complete, no trial date has yet been set, and any prejudice to Plaintiff would be substantially reduced, if not eliminated, if the requested documents were produced soon, in advance of any dispositive motions or trial.

Under these circumstances, this Court, prior to making a recommendation on Plaintiff's sanctions motion, will clarify its prior oral rulings and give Defendants a final opportunity – with

9

a full understanding of the risk they face – to produce the relevant documents that remain outstanding on Plaintiff's discovery demands.

## CONCLUSION

Accordingly, for all the foregoing reasons, it is hereby ORDERED that, no later than January 6, 2015, Defendants shall produce to Plaintiff the following documents of Brady Parking, Inc., 800 Brady Parking, Inc., and any predecessor or successor of either of these corporations:

(a) all financial statements, including income statements, balance sheets, and cash flow statements, for the period from April 1, 2007[5] to December 31, 2010; and

(b) to the extent not already produced, the portion(s) of these corporations' corporate tax returns that show the corporations' gross annual revenue, for the period from April 1, 2007 to December 31, 2010.

Plaintiff is directed to notify this Court by January 9, 2015, as to whether Defendants have complied with this Order.

All Defendants are cautioned that, if they fail to comply with this Order, then this Court may recommend to Judge Torres that she make a finding of fact that the gross sales or business volume of Brady Parking, Inc., 800 Brady Parking, Inc., and any predecessor or successor of either of these corporations, was at least $500,000, as required for FLSA enterprise coverage, for

---

[5] Willful violations of the FLSA are subject to a three-year statute of limitations. 29 U.S.C. § 255(a). As Plaintiff has alleged that Defendants willfully violated the FLSA (*see* Am. Compl. ¶ 47), and as this action was initiated on May 5, 2011 (*see* Verified Complaint, dated Apr. 25, 2011 (Dkt. 1)), Defendants' acts from May 5, 2008 onward fall within the limitations period. Where FLSA enterprise coverage is in doubt, however, annual gross sales volume is calculated with respect to the "12-month period which immediately precedes the quarter-year [at issue]." 29 C.F.R. § 779.266(b). Given that May 5, 2008 fell within the quarter beginning on April 1, 2008, the applicable 12-month period runs from April 1, 2007 through March 31, 2008. Accordingly, Defendants' gross annual sales volumes from April 1, 2007 until the end of Plaintiff's employment with Defendants are relevant to FLSA coverage for the purposes of this action.

10

each year relevant to Plaintiff's FLSA claims in the Third Amended Complaint; that she strike Defendants' defense regarding FLSA coverage; that she preclude Defendants from introducing evidence in support of that defense; and/or that she award any other sanction permitted by Rule 37.

Dated: New York, New York
December 17, 2014

SO ORDERED

_/s/ Debra Freeman_
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All parties (via ECF)